**NOT FOR PUBLICATION**

RECEIVED

JUL 22 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

JOHN B. JEAN-PIERRE,

    Plaintiff,

v.

ANGELA SCHWERS, et al.,

    Defendants.

Civil Action No. 15-7288 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Defendants Angela Schwers and Pearson Education, Inc.'s[1] (collectively, "Defendants") motion to dismiss pro se Plaintiff John B. Jean-Pierre's ("Plaintiff") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 6.) Plaintiff opposed the motion (ECF No. 7), and Defendants replied (ECF No. 8). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Defendants' motion.

**I.    Background**

    This Complaint arises out of an alleged employment discrimination claim. Plaintiff alleges that Defendants singled out Plaintiff for an August 22, 2013 police investigation because of his

---

[1] Improperly pled as Pearson Education in Plaintiff's Complaint. (ECF No. 1.)

race and color. (Compl. ¶¶ 9-10, ECF No. 1.)² Plaintiff first filed his discrimination claim with the New Jersey Division of Civil Rights on May 14, 2015. (*Id.* ¶ 6.) On June 12, 2015, Plaintiff filed his charge with the United States Equal Employment Opportunity Commission ("EEOC"), and it was dismissed on July 15, 2015. (EEOC Dismissal and Notice of Rights, ECF No. 1; Compl. ¶¶ 7-8.) Thereafter, on October 2, 2015, Plaintiff filed his Complaint in this action. (ECF No. 1.)

## II.     Legal Standard

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* at 210. Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Notably, Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

---

² Plaintiff's Complaint is a form complaint sheet used for charges submitted to the Equal Employment Opportunity Commission, and Plaintiff attaches the Equal Employment Opportunity Commission's Dismissal and Notice of Rights. (ECF No. 1.)

### III. Analysis

Defendants argue that the Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) because: (1) Plaintiff failed to first exhaust his administrative remedies; (2) Plaintiff failed to state a claim for race discrimination under Title VII; and (3) individuals, such as Defendant Angela Schwers, cannot be held liable under Title VII. (Defs.' Moving Br. 3-10, ECF No. 6-1.) Plaintiff filed an affidavit in opposition to the motion to dismiss, setting forth the factual nature of his claim in more detail than in his Complaint. (Pl.'s Opp'n Br., ECF No. 7.)

Before a plaintiff can seek judicial relief, he must first "exhaust all required administrative remedies." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). "[Q]uestions of whether a plaintiff has *timely* exhausted the administrative remedies in Title VII actions 'are in the nature of statutes of limitation.'" *Id.* at 1021 (quoting *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 89 (3d Cir. 1986)) (emphasis added). The Third Circuit has held that a dismissal on statute of limitations grounds pursuant to Rule 12(b)(6) is warranted when "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir. 1989) (emphasis omitted). A plaintiff alleging a claim under Title VII must first file a Charge of Discrimination with the EEOC within 180 days of the alleged unlawful practice, or within 300 days if first filed with a state agency. 42 U.S.C. § 2000e-5(e)(1) (2009). A plaintiff may file a Title VII claim in federal court only after filing a charge with the EEOC. *Robinson*, 107 F.3d at 1021. When assessing on what date to begin counting towards the 300-day limit for filing a charge with the EEOC, "[t]he proper focus is upon the time of the *discriminatory acts*, not upon the time at which the *consequences* of the

3

acts became the most painful." *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (quoting *Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir. 1979)).[3]

Plaintiff alleges that the discriminatory police investigation occurred on August 22, 2013. (Compl. ¶ 9.) Plaintiff has not alleged that he suffered any discrimination past that date.[4] Although Plaintiff alleges more facts relating to his claim in his opposition brief, those facts do not support an inference of discrimination beyond August 22, 2013. (ECF No. 7.) Thus, in order to comply with the 300-day time limitation, Plaintiff would have had to file his charge with the EEOC by June 18, 2014. Plaintiff, however, did not file his charge with the EEOC until June 12, 2015. (Compl. ¶ 7.) Thus, Defendants' motion to dismiss is granted because Plaintiff failed to exhaust his administrative remedies. This Court need not address Defendants' further arguments, as they are moot.

---

[3] Equitable tolling may be permitted under limited circumstances, none of which are alleged, or could even be inferred, under a liberal reading of the Complaint. Here, Plaintiff claims only that he filed his charge "within the time frame allowed." (Pl.'s Opp'n Br. ¶ 2.) Therefore, the Court will not toll.

[4] On the form EEOC Complaint, Plaintiff checked "yes" in response to the prompt, "[i]f practice is continuing check the appropriate box." (Compl. ¶ 5a.) This, however, does not constitute a sufficient allegation that Plaintiff suffered discrimination beyond the date provided.

## IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted. An order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: July 22nd, 2016